## CALDER, Trustee, etc., vs. KEEGAN.

*Public Lands — Liability to taxation.*

Where land of the United States has been entered under a spurious warrant, and the entry suspended to give the locator opportunity to substitute a valid warrant or pay the price in money, the land is not subject to taxation by the state — such locator having no title to it, legal or equitable

APPEAL from the Circuit Court for *Green* County.

Action of ejectment. Complaint in the usual form. The answer alleged title and possession in defendant under a tax deed. It appeared in evidence that the land in controversy was located at the Mineral Point land office, by one Ansley, July 24, 1854, and that on the 16th of January, 1856, the certificate of location was assigned to the plaintiff *Calder* as trustee of Mary Jane Bramwell. After the certificate of location was issued and before the year 1867, but at what precise time does not appear, the issuing of the patent was suspended at the general land office in Washington, on the ground that the warrant on which the land was located had been issued on fraudulent papers. It was shown that the practice of the land office was

Calder, trustee, etc., vs. Keegan.

not to cancel locations in such cases, but to hold them in suspension for a reasonable time, extending in the mean time to the locator or his assignee the privilege of making good the spurious land warrant, either by remedying the defect in the transfer of the warrant located, or by furnishing a substitute warrant of the same denomination and free from objection, or by payment of the cash price of $1.25 per acre in lieu of the warrant. It was also shown that on the 3d of June, 1867, a patent was duly issued to *Calder* for the land in question, he having made good the consideration by payment of the cash price. In 1860 the land was assessed for taxes, and in 1861 it was sold by the treasurer of Green County, and on September 21, 1864,. one James Smith, grantor of defendant, received a tax deed, under which he went into possession, made improvements and afterward conveyed to defendant. The action was tried before the court without a jury; finding for plaintiff and judgment accordingly, from which defendant appealed.

*B. Dunwiddie*, for appellant.

*Smith & Henry* and *P. A. Orton, Jr., contra.*

Dixon, C. J.   The position taken by counsel for the defendant with respect to the taxability of the land, is incorrect and cannot be sustained.   The land belonged to the United States at the time the supposed taxes were levied, and so was not liable to taxation.   It was a case of suspended entry under a spurious land warrant, where, under the practice, as shown by the letters of the commissioner of the general land office, contained in the record, no title whatever passed to the locator or to his assignees of the certificate until the same was actually paid for, either by the substitution of another and a valid warrant of the same denomination, or the substitution of cash for the warrant at the rate of $1.25 per acre.   After the suspension, which was merely for the purpose of giving the locator due notice and reasonable time to pay for the land as above stated, and before cancellation of the entry, the title was held by the United

States, subject to be acquired in that way by the locator or his assignees, of the certificate, as a matter of mere grace or favor to him or them. There was no contract relation between the United States and the locator by which the United States was bound to sell him the land or to issue a patent therefor to him or his assigns, on payment or tender of the money or of another land warrant of the same denomination. In such case it seems idle to talk about the locator having any taxable interest in the land, or that the title of the United States was any more subject to be interfered with by the state power of taxation, than if no steps whatever had been taken by the government towards a sale or disposition of it. The right of the states to interfere in any manner so as to cut off or defeat the title emanating by patent from the United States in cases like this, has been very emphatically denied by the supreme court in a recent decision, and a printed copy of the opinion is now lying before us. *Gibson v. Chouteau*, 13 Wallace, 92. We regard that case as decisive of the question here presented, and as showing that the state could not step in and tax the land by anticipation, and that the doctrine of relation by which the supposed holder by tax deed would deprive the purchaser of his title obtained from the United States, is wholly inapplicable and cannot be made to answer any such inequitable and unjust purpose. It is generally enough for people to pay taxes upon land after they have obtained the title, without being compelled to forfeit their estate or to pay those assessed whilst it was owned by the United States and before they had acquired any interest, legal or equitable in it.

*By the Court.*— Judgment affirmed.